**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TEAM KASA, LLC, KAREN JUNE, ALEXANDER
GILBERT and ANNMARIE SZOLLOSI GILBERT,
formerly known as AnnMarie Szollosi,

                                    Plaintiffs,
                                                                **REPORT AND**
                                                                **RECOMMENDATION**
                      - against -

RICHARD HUMPHREY and FRANCHISE                                  CV 17-1074 (JS) (AKT)
BIZ EXPERTS, LLC,

                                    Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.     **PRELIMINARY STATEMENT**

        Plaintiffs Team Kasa, LLC, Karen June, Alexander Gilbert and AnnMarie Szollosi

Gilbert ("Plaintiffs") commenced this action pursuant to the New York Franchise Sales Act (the

"NYFSA"), New York General Business Law §§ 680 *et seq.*, against Defendants Brian Pappas,

FranVentures, LLC, Richard Humphrey, Franchise BIZ Experts, LLC, William Litster, and

Ameridream Investments LLC.  *See generally* Complaint ("Compl.") [DE 1].  On August 11,

2017, Plaintiffs' counsel filed a Notice of Dismissal Without Prejudice pursuant to Fed. R. Civ.

P. 41(a)(1)(A)(i) of all claims against Defendants William Litster and Ameridream Investments,

LLC.  *See* DE 31.  The Notice states that these specific parties agreed to "mediate and arbitrate

their respective claims and defenses by joining them to a related Arbitration pending before the

American Arbitration Association…."  *Id.*  As a result, Judge Seybert dismissed this action,

without prejudice, as to Defendants William Litster and Ameridream Investments, LLC [DE 36].

Based on an identical Notice of Dismissal [DE 33] as to Defendant's Brian Pappas and

FranVentures, LLC [DE 37], Judge Seybert dismissed the action as against these Defendants the same day. *See* DE 37.

However, the Clerk of the Court issued Certificates of Default against the two remaining Defendants, namely, Richard Humphrey and Franchise Biz Experts, LLC. DE 25, 27. Approximately one week later, counsel for Defendants Humphrey and Franchise Biz Experts filed a motion to vacate the default. *See* DE 30, 31. Judge Seybert referred the Defendants' motion to vacate to this Court "for a Report and Recommendation on whether the pending motion should be granted and, if necessary, to determine the appropriate amount of damages, costs and/or fees to be awarded." DE 43. For the reasons which follow, the Court respectfully recommends to Judge Seybert that Defendant Humphrey and Defendant Franchise Biz Experts' motion to vacate their default be GRANTED.

## II. BACKGROUND

### A. Factual Background

Plaintiff Team Kasa, LLC is a franchisee in a franchise system referred to as "Bricks 4 Kidz" which offers project-based programs designed to teach principles and methods of engineering to children ages 3-13+ using LEGO® bricks. Compl. ¶¶ 1, 20. Plaintiff Karen June and Plaintiffs Alexander and Annmarie Gilbert are Team Kasa's principals and owners. *Id.* ¶ 1. Plaintiffs became franchisees of Bricks 4 Kidz pursuant to two separate franchise agreements with BFK Franchise Company, LLC d/b/a Bricks 4 Kidz ("the franchisor"). *Id.* ¶ 21. Both agreements were executed on February 24, 2017. *Id.* Plaintiffs filed the Complaint in this action on February 24, 2017, alleging that Defendants "improperly offered or sold Plaintiffs the Bricks 4 Kidz franchise [ ] in violation of multiple provisions of the NYFSA." *Id.* ¶ 2. The Complaint

asserts, on information and belief, that Defendant Humphrey is the owner/principal officer of his business, Defendant Franchise BIZ Experts, LLC (together, "the defendants"). *Id*. ¶ 16. Richard Humphrey and his company, Franchise Biz Experts, LLC, as well as William Lister and his company, Ameridream Investments, LLC, are alleged to have "acted as brokers / agents for the franchisor and actively offered or sold to Plaintiffs their franchised units." *Id*. ¶¶ 4, 7. Plaintiffs represent that when they filed their Complaint, they contemporaneously filed an arbitration demand against the franchisor before the American Arbitration Association ("AAA"). *Id*. ¶ 7.

The Complaint was filed on February 24, 2017. DE 1. Plaintiffs filed proof of personal service upon Defendant Richard Humphrey on May 23, 2017 at 68 Salt Lick Circle, Silverthorne, Summit County, Colorado. *See* DE 8. Service was simultaneously effected on Defendant Franchise BIZ Experts, LLC at the same address. *See* DE 9. Answers on behalf of both Defendants were therefore due by June 13, 2017, *see id*., but neither Defendant responded to the Complaint by that date. On July 11, 2017, Plaintiffs filed a Request for a Certificate of Default with the Clerk's Office as to Defendants Humphrey and Franchise BIZ Experts. DE 20. The Clerk entered notations of default against Defendant Humphrey on July 21, 2017 [DE 25] and against Defendant Franchise BIZ Experts on July 24, 2017 [DE 27]. Shortly thereafter, on July 28, 2018, Attorney Todd Wengrovsky filed a Notice of Appearance on behalf of the defaulting defendants. DE 28. On July 20, 2017, Attorney Wengrovsky filed a Corporate Disclosure Statement on behalf of Franchise BIZ Experts, LLC. DE 29. That same day, counsel also filed a Motion to Vacate the Clerk's Entry of Default against the defaulting defendants. DE 30, 31. Plaintiffs' counsel subsequently filed an application seeking a one-week extension of the deadline for responding to the defendants' motion to vacate — a request which this Court

granted.  *See* DE 35, 38.  Plaintiffs timely filed their opposition to the motion to vacate [DE 39, 40] and the defaulting defendants filed reply papers on August 29 and August 30, 2017.

Prior to the instant motion being fully briefed, the action was dismissed on August 18, 2017, without prejudice, as to Defendants William Litster, Ameridream Investments, LLC, Brian Pappas and FranVentures, LLC since these defendants agreed to join a related arbitration proceeding before the AAA involving the franchisor.  *See* DE 36, 37.

On October 13, 2017, Judge Seybert referred the motion by Defendants Humphrey and Franchise BIZ Experts to vacate the Clerk's entry of default for a Report and Recommendation "on whether the pending motion should be granted and, if necessary, to determine the appropriate amount of damages, costs and/or fees to be awarded."   DE 43.

## III.   LEGAL STANDARD

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c). Where, as here, the clerk has entered a notation of default[1] but a default judgment has not yet been rendered, the Court applies the "good cause" standard set forth in in Rule 55(c).  *Gov't Employees Ins. Co. v. Anikeyev*, No. 14-3775, 2016 WL 1275042, at *2 (E.D.N.Y. Mar. 31, 2016) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)), *appeal withdrawn sub nom. Government Employees Insurance v. Simakovsky* (Apr. 22, 2016).  Since Rule 55(c) does not define "good cause," the Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default."  *Bricklayers & Allied Craftworkers*

---

[1]      "The default notation is an interlocutory action; it is not itself a judgment."  *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); 6 Moore's Federal Practice ¶ 55.03[1], [2], at 55–13 to 55–17 (1985)).

4

*Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC* ("*Bricklayers & Allied Craftworkers Local 2*"), 779 F.3d 182, 186 (2d Cir. 2015) (citing *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993)).  "These criteria are: '(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'"  *Id*. (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)); *Kuklachev v. Gelfman*, No. 08-CV-2214, 2009 WL 497576, at *2 (E.D.N.Y. Feb. 26, 2009) (quoting *Holford USA v. Harvey,* 169 F.R.D. 41, 44 (S.D.N.Y. 1996)) (internal quotation marks omitted). In addition to the three criteria set forth above, courts have discretion to consider other "equitable factors."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citing *Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 320 (2d Cir. 1986)).  Such factors may include whether the defaulting party's failure to respond to the Complaint was the result of a "mistake made in good faith and whether the entry of default would bring about a harsh or unfair result."  *Id*. (citing the same).

The same criteria is applied in the context of a Rule 60(b) motion to set aside a default judgment although it is applied "more rigorously."  *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp.,* 10 F.3d at 96 ("Although the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment, *see, e.g., Meehan*, 652 F.2d at 276, because the concepts of finality and litigation repose are more deeply implicated in the latter action.")); *Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186 (citing *Enron Oil Corp.*, 10 F.3d at 96).  In fact, "[t]he standards are sufficiently similar [ ] that courts often look to Rule 60(b) decisions in deciding Rule 55(c) cases and vice versa."  *Gov't Employees Ins. Co.*,

5

2016 WL 1275042, at *2 n.1 (citing *Bricklayers & Allied Craftworkers*, 779 F.3d at 186 n.1; *Am. Alliance Ins. Co.*, 92 F.3d at 59).

"Although there is a 'strong preference for resolving disputes on the merits,' the Second Circuit has explained that 'a decision whether to set aside a default is a decision left to the sound discretion of the district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.'" *Gov't Employees Ins. Co.*, 2016 WL 1275042, at *2 (citing *McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (internal quotation marks and citations omitted)). With this legal standard in mind, the Court now turns to the particulars of Defendants' motion.

## IV.    DISCUSSION

### A.    Procedural Defects

Defendants' opening papers consist of two documents: (1) a Notice of Motion [DE 30] and (2) the Affirmation of Attorney Wengrovsky [DE 31] ("the Wengrovsky Affirmation"), counsel for the defendants. Plaintiffs argue in their Memorandum of Law in Opposition to the defendants' motion, that the Court may not rely on the Wengrovsky Affirmation "as evidence or anything beyond a conclusory statement of counsel" since it is not based on personal knowledge and does not follow the format generally accepted for affirmations or affidavits. Plaintiffs' Memorandum of Law in Opposition ("Pls.' Opp'n.") [DE 40], at 4; Affirmation of John A. Karol, Esq. in Opposition to Defendants' Motion for Relief from Entry of Default ("Karol Aff.") [DE 39], ¶¶ 18-23. The Court finds the Wengrovsky Affirmation procedurally defective.

The Wengrovksy Affirmation does not bear a notary seal or signature. *See generally* Wengrovsky Aff. Thus, there is no proof that Attorney Wengrovsky ever actually swore to the

contents of his submission before a notary public.  *See Flanagan v. W.F. Walsh-Structures, Corp.*, No. CV 05-0691, 2012 WL 4483867, at *2 (E.D.N.Y. Aug. 23, 2012), *report and recommendation adopted*, No. 05-691, 2012 WL 4482814 (E.D.N.Y. Sept. 27, 2012); *Flanagan v. M.N.T. Dev. Corp.*, No. CV 09-1250, 2012 WL 4343686, at *1 (E.D.N.Y. Aug. 7, 2012), *report and recommendation adopted in relevant part*, No. 09-1250, 2012 WL 4344147 (E.D.N.Y. Sept. 21, 2012).  A notary seal or signature, however, is not always required.  Under 28 U.S.C. Section 1746, an unsworn declaration will have the same effect as a sworn declaration if it is made in writing and contains the following language:

> "I declare (or certify, verify, or state) under penalty of perjury that
> the foregoing is true and correct. Executed on (date). (Signature)".

28 U.S.C. § 1746(2).  The requirements of Section 1746 apply to attorneys and laypersons alike.  *See Skates v. Inc. Vill. of Freeport*, No. 15-1136, 2017 WL 3017188, at *7 (E.D.N.Y. June 28, 2017) (rejecting the text of the declaration submitted by plaintiff's counsel since it was not made under penalty of perjury); *see also Onewest Bank N.A. v. Louis*, No. 15-00597, 2016 WL 3552143, at *9 n.5 (S.D.N.Y. June 22, 2016), *report and recommendation adopted*, No. 15-597, 2016 WL 4059214 (S.D.N.Y. July 28, 2016) ("In federal court, 28 U.S.C. § 1746 permits any witness, no matter her occupation, to submit an 'unsworn declaration, certificate, verification, or statement' instead of an affidavit, so long as it is subscribed by its maker as 'true under penalty of perjury,' in substantially the following form (if executed within the United States): 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'"); *Gorman v. Rensselaer Cty.*, No. 14-0434, 2016 WL 6679545, at *2 (N.D.N.Y. May 18, 2016) (determining that Attorney Affirmation complied with 28 U.S.C. § 1746 since it was submitted "specifically 'under penalties of perjury.'").

Here, however, the Wengrovsky Affirmation does not contain the language set forth in Section 1746.  The Affirmation opens with "Todd Wengrovsky, Esq., duly sworn, deposes and says…" and concludes with the following paragraph:

> WHEREFORE, it is respectfully requested that the Court grant Defendants Richard Humphrey and Franchise Biz Experts' Motion for Relief from Entry of Default, and grant leave to serve their response to the Complaint under Federal Rule of Civil Procedure 55(c) within thirty days of the date of the Order, together with any other relief this court deems as just and proper.

Wengrovsky Aff. ¶ 4.  Nowhere in the Affirmation does counsel aver that his statement is made "under penalty of perjury."  *See generally* Wengrovsky Aff.  Moreover, the phrase "duly sworn" does not satisfy Section 1746.  *See Martinez v. Zero Otto Nove Inc*., No. 15-899, 2016 WL 3554992, at *3 (S.D.N.Y. June 23, 2016) (citing *Lamberti v. United States*, 22 F. Supp. 2d 60, 71 n.53 (S.D.N.Y. 1998), *aff'd sub nom. Badalamenti v. United States*, 201 F.3d 430 (2d Cir. 1999)) (rejecting an affidavit that only stated "duly sworn" since it was not made "under penalty of perjury."); *see also Flanagan v. NPORT Const. Corp.,* No. 08-4540, 2013 WL 702490, at *3 (E.D.N.Y. Jan. 8, 2013) (citing *Flanagan v. Stone Commercial Spraying Co*., No. 05-4527, 2012 WL 4364506, at *1 (E.D.N.Y. July 20, 2012) (determining that the phrase "duly sworn" in the attorney's affidavit did not satisfy the requirements of Section 1746 and, as such, the court could not rely on the statements set forth in the affidavit), *report and recommendation adopted*, No. 05-4527, 2012 WL 4364563 (E.D.N.Y. Sept. 24, 2012); *Flanagan v. M.N.T. Dev. Corp*., No. 09-1250, 2011 WL 6955892, at *3 (E.D.N.Y. Dec. 13, 2011), *report and recommendation adopted*, 2012 WL 28299 (E.D.N.Y. Jan.5, 2012); *Solis v. Cooper*, No. 10-152, 2011 WL 288961, at *2 (N.D. Ind. Jan. 25, 2011)), *report and recommendation adopted*, No. 08-540, 2013 WL 703335 (E.D.N.Y. Feb. 25, 2013); *Mugno v. Societe Internationale De Telecommunications*

*Aeronautiques, Ltd.*, No. 05-2037, 2007 WL 316573, at \*8-9 (E.D.N.Y. Jan. 30, 2007) (declaration stating that declarant, "being duly sworn, deposes and says" was not made under penalty of perjury and was therefore stricken); *but see Lakeview Outlets, Inc. v. Uram*, No. 95-0136, 1996 WL 571520, at \*2 (N.D.N.Y. Oct. 2, 1996) ("Here, the original Uram 'affidavit' is signed, and although it does not expressly state that it is made under penalty of perjury, arguably that is the import of the phrase, 'ARTHUR URAM, being duly sworn, deposes and says that[.]....'") (citing *McLaughlin v. Cohen*, 686 F. Supp. 454, 457 (S.D.N.Y. 1988)).

Not only does the Wengrovsky Affirmation fail to comply with 28 U.S.C. § 1746, but it also fails to satisfy the requirements of Section 2106 of the New York Civil Practice Law and Rules (N.Y. C.P.L.R.),[2] which states, in relevant part, that: "The statement of an attorney admitted to practice in the courts of the state…who is not a party to an action, when subscribed and affirmed by him to be true under the penalties of perjury, may be served or filed in the action in lieu of and with the same force and effect as an affidavit."  N.Y. C.P.L.R. § 2106.  Section 2106 also requires that the affirmation be submitted under penalty of perjury.  *Gex v. Limontas*, No. 03-1743, 2006 WL 842404, at \*4 n.1 (E.D.N.Y. Mar. 29, 2006) ("The operative words in any unsworn statement made in lieu of a statement under oath, whether pursuant to N.Y. C.P.L.R. 2106 or 28 U.S.C. § 1746, are 'under penalties of perjury.'"); *Niazov v. Corlean Cab Corp.*, 71 A.D.3d 749, 749, 899 N.Y.S.2d 242, 243 (2d Dep't 2010) (citing *Magro v. He Yin*

---

[2]     Whether the Wengrovsky Affirmation satisfies N.Y. C.P.L.R. 2106(a) is "merely academic" since "New York state procedural rules [specifically, 2106(a)] do not apply" where, as here, a federal court is "sitting in diversity."  *Roth v. 2810026 Canada Ltd*., No. 13-00901A(F), 2017 WL 4310689, at \*20 (W.D.N.Y. Sept. 28, 2017) (citing *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 118 (2d Cir. 2005)).

*Huang*, 8 A.D.3d 245, 777 N.Y.S.2d 318 (2d Dep't 2004); *Bat-Sheva Slavin v. Associates Leasing, Inc.*, 273 A.D.2d 372, 710 N.Y.S.2d 916 (2d Dep't 2000); *Baron v. Murray*, 268 A.D.2d 495, 702 N.Y.S.2d 354 (2d Dep't 2000); *Cwiekala v. Siddon*, 267 A.D.2d 193, 699 N.Y.S.2d 297 (2d Dep't 1999)) ("The report was without any probative value since he failed to affirm the contents of his report under the penalties of perjury, as required by CPLR 2106.").

Since the Wengrovsky Affirmation was neither submitted "under penalty of perjury" nor sworn to before a notary public, the Court cannot consider it in connection with Defendants' motion. *See Flanagan v. M.N.T. Dev. Corp.*, No. 09-1250, 2011 WL 6955892, at *3 (E.D.N.Y. Dec. 13, 2011), *report and recommendation adopted*, 2012 WL 28299 (E.D.N.Y. Jan.5, 2012). The Court further notes that Attorney Wengrovsky's Affirmation in Reply fares no better since it suffers from the same infirmities which render the initial Affirmation unacceptable. *See generally* Wengrovsky Reply Affirmation [DE 42].

Even if the Wengrovsky Affirmations had been submitted under penalty of perjury and/or bore a notary seal and signature, the documents reflect yet another shortcoming — they contain statements of which counsel has no personal knowledge. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999) (determining that the district court did not have enough evidence to award damages under Rule 55 when "the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts."); *see also Welden v. Grace Line, Inc.*, 404 F.2d 76, 79 (2d Cir. 1968) (vacating the district court's dismissal of a case on the grounds that it improperly refused to consider portions of the affidavits of one of the plaintiff's attorneys that had been based on personal knowledge, which was "entitled to the same consideration which would be accorded to

the affidavit of any affiant who states facts within his personal knowledge."); *Melchor v. Eisen &
Son Inc.,* No. 15-00113, 2016 WL 3443649, at *2 (S.D.N.Y. June 10, 2016); *Ferrara v.
Quadrozzi Equip. Leasing Corp*., No. 11-5183, 2013 WL 3226755, at *1 n.1 (E.D.N.Y. June 25,
2013) (citing *Universal Film Exchanges, Inc. v. Walter Reade, Inc*., 37 F.R.D. 4, 5 (S.D.N.Y.
1965); Fed. R. Civ. P. 56(c)(4)) ("Affidavits 'must present evidence which is admissible and
must not only be made on the personal knowledge of the affiant but must show that he possesses
the knowledge asserted.'"); *Columbia Pictures Indus., Inc. v. Cap King*, No. 08-4461, 2010 WL
1221457, at *2 (E.D.N.Y. Mar. 29, 2010) (citing Fed. R. Evid. 602 ("A witness may not testify
to a matter unless evidence is introduced sufficient to support a finding that the witness has
personal knowledge of the matter.")) (denying motion for default judgment on the grounds that
the representation by the plaintiff's counsel that service of process had been effectuated was
insufficient to establish that fact since the attorney had no personal knowledge of how service
was actually effectuated by the marshal); *Engineers Joint Welfare v. Shir-Bill Concrete
Pumping, Inc*., No. 505-0741, 2006 WL 2987130, at *2 (N.D.N.Y. Oct. 16, 2006); *Argent v.
Office of Pers. Mgmt. of U.S*., No. 96-2516, 1997 WL 278115, at *4 (S.D.N.Y. May 22, 1997);
*Belgian Am. Mercantile Corp. v. De Groeve-Marcotte & Fils*, 433 F. Supp. 1098, 1103
(S.D.N.Y. 1977) (the movant met its burden of proving that the attachment should be vacated
since he presented "sworn statements on personal knowledge and other documentary evidence
essentially uncontroverted by the plaintiff").

Aside from the above infirmities, Defendants' counsel has not complied with Local Civil
Rule 7.1(a) which requires that legal arguments must be set forth in a Memorandum of Law, not
in a supporting affidavit.  The supporting affidavit should include "any factual information and

portions of the record necessary for the decision of the motion." Local Civ. R. 7.1. Here, Defendants have not provided any Memorandum of Law, choosing instead to set forth their "legal arguments" in the Wengrovksy Affirmation — a choice which violates Local Civil Rule 7.1.[3] The Court in its discretion, however, has decided to proceed without the Memorandum of Law.[4] *See Holbert v. Cohen-Gallet*, No. 05-1281, 2006 WL 47452, at *1 (E.D.N.Y. Jan. 9, 2006) (addressing motion on the merits even when opposition was filed as an affirmation that did not contain any citations to legal authority).

After Plaintiffs filed their Opposition, Attorney Wengrovsky submitted the Affidavit of Defendant Richard Humphrey. *See* Richard Humphrey Affidavit in Support of Defendants' Motion to Vacate Entry of Default ("Humphrey Aff.") [DE 41]. Unlike the Wengrovsky Affirmations, the Humphrey Affidavit bears a notary public's seal and signature and is based on personal knowledge. Specifically, Defendant Humphrey addresses the circumstances surrounding his failure to respond to the Complaint. Consequently, the Court relies on the Humphrey Affidavit and disregards the Wengrovksy Affirmations.

The Court now turns to the merits of the defendants' motion by addressing the Second Circuit's three criteria: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186 (citing *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 445 (2d Cir. 2013)) (internal quotation marks omitted).

---

[3]    Attorney Wengrovsky is not alone here. The Affirmation of Plaintiffs' counsel, John Karol, also contains impermissible legal argument. *See* DE 39.

[4]    Defendants are on notice, however, that failure to comply with the procedural requirements of the Federal Rules and Local Civil Rules of this District going forward will result in appropriate action by the Court.

**B.    Willfulness**

"In the context of an entry of a certificate of default, willfulness refers to 'conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained.'" *Gov't Employees Ins. Co.*, 2016 WL 1275042, at *3 (quoting *Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186 (internal quotation marks and citation omitted)) (citing *Dow Chem. Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329 (2d Cir. 1986)).  "The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *King v. Galluzzo Equip. & Excavating Inc.*, 223 F.R.D. 94, 97 (E.D.N.Y. 2004) (citing *Int'l Painters and Allied Trades Union and Indus. Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (explaining that it may be more appropriate to apply standard under Rule 55(c) instead of the more stringent Rule 60(b) standard but that the court need not resolve the issue since application of either standard renders the same result)); *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996)) (internal quotation marks omitted).

Defendant Humphrey does not dispute that he was served with the Complaint and was aware of the instant proceeding.  Despite this knowledge, he did not file a responsive pleading.  According to Humphrey, he had been consulting with a number of attorneys as to how the case should be handled and that process was time-consuming.  Humphrey Aff. ¶ 2.  Moreover, Humphrey and his wife had made a decision to move out of state and many difficulties arose from that decision.  Humphrey points out that "[d]uring the time case [sic] this came up" his family "decided to move to the Minneapolis area, which was a very emotional situation for my

13

wife and family." Humphrey Aff. ¶ 4. During this process, "all of the business files and information were accidentally packed into one of the more than 200 boxes. Such were then delivered to my new address two weeks late." Humphrey Aff. ¶ 5. The Court points out that Defendant Humphrey's Affidavit was not submitted with the original motion papers, but only on reply after Plaintiffs' opposition was filed. Humphrey goes on to explain that he was "in the process of closing on a new home loan and felt that the bank would not provide [him] with a loan to purchase [the] home if [he] was going to be sued." *Id*. ¶ 5. The defendant also attributes the delay to his failed attempts to communicate with Plaintiffs regarding a potential resolution of the case, and his efforts to work with his co-defendants. *Id*. ¶ 8. According to Humphrey, counsel for Defendant Pappas was going to represent him as well but later informed Humphrey that he could not do so. *Id*. ¶¶ 7-8.

Plaintiffs anticipated that Defendants might introduce new issues in their reply papers in an effort to "cure" the procedural defects cited in Plaintiffs' Opposition to the motion. Pls.' Opp'n. at 9. As a preemptive measure, Plaintiffs requested that the Court disregard any new arguments raised in the Defendants' Reply. *Id*. Although new arguments raised in reply papers are generally not considered, "the Second Circuit has made it abundantly clear that a district court has discretion to consider a belatedly-raised argument. *Ruggiero v. Warner–Lambert* Co., 424 F.3d 249 (2d Cir. 2005), and that a judge's decision to countenance such an argument will be reviewed for abuse of discretion, *Bayway Ref. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226 (2d Cir. 2000)." *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co*., 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009), *aff'd*, 374 F. App'x 71 (2d Cir. 2010). For the reasons which follow, the Court will consider the full scope of the Humphrey Affidavit. *See Ramnaraine v. Merrill Lynch & Co*.,

14

No. 13-7889, 2014 WL 4386733, at *4 (S.D.N.Y. Sept. 5, 2014) (quoting *Dixon v. NBCUniversal Media, LLC*, 947 F. Supp. 2d 390, 396 (S.D.N.Y. 2013)) ("A district court enjoys broad discretion ... to consider arguments made for the first time in a reply brief, [and] to rely on evidence submitted with the reply papers.") (internal quotation marks omitted), *aff'd sub nom. Ramnaraine v. Merrill Lynch & Co, Inc.*, 613 F. App'x 83 (2d Cir. 2015).

Although the Humphrey Affidavit provides greater detail regarding the circumstances of the defendants' move, Plaintiffs were put on notice by the Wengrovsky Affirmation that in justifying their delay, Defendants would rely on the move and the difficulties arising from it, including the misplacement of files. The Court also points out that there is a "strong preference for resolving disputes on the merits" and consideration of the Humphrey Affidavit facilitates such resolution. *See McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (quoting *N.Y. v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)) (internal quotation marks omitted).

While the Court is sympathetic to the defendant's situation, "emotional and financial strife," standing alone, does not absolve a defendant from his obligation to answer or otherwise respond to a complaint filed against him. *Willis v. Landamerica Onestop, Inc.*, No. 07-3646, 2009 WL 2474624, at *2 (S.D.N.Y. Aug. 13, 2009) (finding that the circumstances surrounding the defendants' failure to respond — loss of a job and the threat of foreclosure of their home — "[did] not excuse the deliberate default of a properly served party."). However, the Court also takes into account the fact that Defendants Humphrey and Franchise BIZ Experts were unrepresented at the time, the difficult personal circumstances of the Humphrey family, and Humphrey's lack of access to the referenced documents.

15

The circumstances surrounding Humphrey and Franchise BIZ Experts' failure to respond in the instant case are more analogous to those cases where the court found that the defendant's default was not willful.  In *Cordero v. AT&T*, No. 15-5601, 2017 WL 52591, *2 (E.D.N.Y. Jan. 4, 2017), for example, the Summons and Complaint were served on defendant AT&T at its facility in New Jersey.  *Id*.  The papers were forwarded to a corporate center in Florida for processing subpoenas, and then on to a paralegal back in New Jersey who forwarded them to a clerk who was responsible for sending such documents to outside counsel.  *Id*.  That clerk, however, put the documents aside and forgot to forward them on.  *Id*.  The court determined that although careless and negligent, the defendant's conduct did not rise to the level of willfulness that warrants default judgment.  *Id*.  Moreover, in *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co*., the defendant's failure to answer was the result of a filing mistake by its in-house counsel's clerk.  92 F.3d at 61.  The court explained that "[t]he misfiling went unnoticed for two months.  Such conduct, though grossly negligent…was not willful, deliberate, or evidence of bad faith, though it weighs somewhat against granting relief."  *Id*.  The court held this even in the context of a Rule 60(b) motion to vacate default judgment where the three criteria are applied "more rigorously."  *Id*.; *see Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp.,* 10 F.3d at 96) (explaining that the same three criteria are applied in the context of Rule 55(c) and Rule 60(b) motions only they are applied "more rigorously" in the latter).

In *Corso v. First Frontier Holdings, Inc*., 205 F.R.D. 420 (S.D.N.Y. 2001), the defaulting defendant had contacted counsel for the movant's co-defendants in the case who told him that he would "take care of it."  *Id*. at 421.  The attorney subsequently informed the defaulting defendant

16

that that the case settled and would be discontinued. *Id*. Based on these circumstances, the defaulting defendants were unaware that the case was actually ongoing until they received notice of the motion for default judgment. *Id*. The court found that the default was not willful. *Id*.

Having examined the specific circumstances of this case, the Court finds that the action (and inaction) of Defendants Humphrey and Franchise Biz Experts was not "egregious," but rather was careless and negligent, and done without the benefit of counsel. *Burns v. Dailey*, No. 12-0229, 2012 WL 6201831, at *3 (N.D.N.Y. Dec. 12, 2012) (citing *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *MacEwen Petroleum, Inc. v. Tarbell*, 173 F .R.D. 36, 39 (N.D.N.Y.1997)) ("[G]enerally, in this Circuit, willfulness does not include careless or negligent errors even when the negligence is gross."); *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) ("Willfulness" in the context of a motion for default entails more than negligence or carelessness.); *Gov't Employees Ins. Co.*, 2016 WL 1275042, at *3 (quoting *Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186 (internal quotation marks and citation omitted)) (citing *Dow Chem. Pacific Ltd.*, 782 F.2d 329) ("In the context of an entry of a certificate of default, willfulness refers to 'conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained.'")

The Court determines that Defendants have satisfactorily explained what occurred here. Therefore, the Court finds that the conduct of Humphrey and Franchise BIZ Experts was not willful.

C.    **Meritorious Defense**

The second factor that a court must consider in deciding whether to vacate a clerk's certificate of default is whether the defaulting party has a meritorious defense to the claims

17

against it.  *Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186 (citing *Guggenheim Capital, LLC*, 722 F.3d at 96).  "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  *Enron Oil Corp.*, 10 F.3d at 98 (citing *Keegel v. Key West & Caribbean Trading Co*., 627 F.2d 372, 374 (D.C. Cir. 1980); *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983); *Kuklachev*, 2009 WL 497576, at *3.

In their Opposition, Plaintiffs argue that Defendants bear the burden of establishing the existence of such a defense and that Defendants have failed to do so.  Pls.' Opp'n. at 7-8.  In light of the fact that the Humphrey Affidavit does not address whether Defendants have a meritorious defense, the Court agrees with Plaintiffs.  *See generally* Humphrey Aff.; *see Loop Prod. v. Capital Connections LLC*, 797 F. Supp. 2d 338, 348 (S.D.N.Y. 2011) (statement that "there exist meritorious defenses ... including[,] but not limited to, anticipatory breach, repudiation, unclean hands, and accord and satisfaction[,]" was conclusory and insufficient to demonstrate that the defaulting defendants had a meritorious defense to the Complaint.); *Addison v. Reitman Blacktop, Inc*., 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (citing *Enron*, 10 F.3d at 98); *Pecarsky v. Galaxiworld.com Ltd*., 249 F.3d 167, 173 (2d Cir. 2001) ("In connection with a motion to vacate a default judgment, a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense.") (citing same).  Based on the information provided, the Court is therefore unable to ascertain whether the defendants actually have a meritorious defense.  This factor therefore weighs in favor of Plaintiffs.  *United Pet Grp., Inc. v. Axon US, Corp*., No. 13-126, 2013 WL 5592617, at *5 (E.D.N.Y. Oct. 10, 2013) (citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 173 (2d Cir. 2004))

("[T]he absence of a meritorious defense alone is sufficient to warrant denial of a motion to vacate).

### D.    Prejudice

The third and final factor that a court will consider in determining whether to vacate a clerk's entry of default is whether the non-defaulting party will be prejudiced by such vacatur. In order for a party to prove that it will be prejudiced by the lifting of a default, it must show "the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion-circumstances that make it more difficult for plaintiff to prosecute its case." *Kuklachev*, 2009 WL 497576, at *3 (quoting *Roberts v. Keith*, No 4-10079, 2007 WL 2712853, at *15 (S.D.N.Y. 2007)); *Pennachio v. Powers*, No. 05-985, 2010 WL 3767141, at *3 (E.D.N.Y. Aug. 9, 2010), *report and recommendation adopted*, 2010 WL 3744052 (Sept. 20, 2010). "[D]elay alone is not a sufficient basis for establishing prejudice." *Davis*, 713 F.2d at 916 (citing *Feliciano v. Reliant Tooling Co., Ltd*., 691 F.2d 653, 656–57 (3d Cir.1982); *Gill v. Stolow*, 240 F.2d 669, 672 (2d Cir. 1957)); *Enron Oil Corp*., 10 F.3d at 98.

As was the case with the meritorious defense factor, the Humphrey Affidavit does not address whether Plaintiffs will be prejudiced by vacatur. *See generally* Humphrey Aff. However, Plaintiffs argue that they **<u>will</u>** be prejudiced since all other defendants have agreed to arbitrate the claims and defenses of this case. Pls.' Mem. at 9. According to Plaintiffs, lifting the default will force them to litigate in two different forums. *Id*. Moreover, Plaintiffs assert, the fact that the defendants' business documents were unavailable for two months raises questions regarding Defendants' preservation of evidence. *Id*.

19

The Court begins its assessment of whether Plaintiffs will be prejudiced by taking a close look at the timeline of this case.  Although the Complaint was filed on February 24, 2017, Defendants were not served with process until May 23, 2017 [DE 8, 9], just two days before the 90-day period for service expired.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  Based on that date, Defendants had until June 13, 2017 to answer or otherwise respond to the Complaint.  DE 8, 9.  The Court notes that Defendants Humphrey and Franchise BIZ Experts were the first to be served.  It was not until June 13 that defendants William Litster [DE 12] and Ameridream Investments LLC [DE 13] were served.  Ameridream and Litster sought and were granted two extensions of time to answer or otherwise respond to the Complaint, the first until July 25, 2017 [Electronic Order of July 5, 2017], and the second until August 14, 2017 [DE 24].  The answers of Defendants Brian Pappas and FranVentures were due by August 1, 2018.  DE 18, 19, 22, 23.

Just seven days after the Clerk entered its notation of default against Defendant Humphrey [DE 25], and four days after it entered its notation of default against Franchise BIZ Experts [DE 27], Attorney Wengrovsky filed a Notice of Appearance on behalf of these Defendants.  DE 28.  It was only two days later, on July 30, 2017, when Wengrovsky filed the instant motion.  DE 30.  The Court further notes that it was not until August 14, 2017 that the case was dismissed as against Defendants Pappas, FranVentures, Litster and Ameridream Investments LLC on the grounds that they were joining a related Arbitration proceeding pending before the AAA.  Given the timeline of this case — specifically the fact that the instant motion

was filed mere days after the clerk's entry of default, at a time when the remaining defendants had not responded to the complaint and their time to do so had not expired — the Court is hard pressed to see how Plaintiffs would be prejudiced by vacating the default. *See Int'l Reformed Univ. & Seminary v. Newsnjoy USA*, No. 13-3156, 2014 WL 923394, at *5 (E.D.N.Y. Mar. 10, 2014) (noting short duration of time between entry of default on July 29, 2013 and filing of motion to vacate the same on August 19, 2013 as a factor favoring a finding of no prejudice); *see also OneWest Bank, N.A. v. Zahtila,* No. 152405D, 2017 WL 507316, at *3 (E.D.N.Y. Jan. 23, 2017) ("Lastly, the Court finds that the third factor weighs in Zahtila's favor because any prejudice to One West is minimal as Zahtila filed her motion to vacate shortly after the Clerk noted her default."), *report and recommendation adopted*, No. 15-2405, 2017 WL 499947 (E.D.N.Y. Feb. 7, 2017)

Plaintiffs argue that they will be prejudiced by having to "litigate on two separate fronts" since these Defendants previously declined to participate in the arbitration currently pending before the AAA.  Karol Aff. ¶¶ 45-50.  However, Plaintiffs offer no case law supporting their position.  Generally, the fact that a plaintiff has proceeded as against the non-defaulting defendants does not constitute proof of prejudice.  *See Pecarsky*, 249 F.3d at 174 (rejecting the plaintiffs' argument that they will be prejudiced by a lift of the default since they had proceeded to execute the default judgment and served the non-defaulting defendants with a motion to compel the production of documents).

The Court is equally unconvinced that Defendants' inadvertent packing of business documents with other possessions raises "serious questions" regarding the loss of evidence, or creates difficulties with respect to discovery or provides a "greater opportunity for fraud and

collusion." Opp'n. at 9.  Such an assertion is speculative at best, especially since those documents have since been delivered to Defendant Humphrey's home in Minnesota.  *See* Humphrey Aff. ¶ 5.  Moreover, the Defendants are now represented by counsel who likely fulfilled his duty to inform his clients that they have an ongoing obligation to preserve evidence. *See generally Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 439 (S.D.N.Y. 2004) ("In sum, counsel has a duty to effectively communicate to her client its discovery obligations so that all relevant information is discovered, retained, and produced.").

### E.    Balance of the Factors

After considering the three criteria set forth above, the Court recommends to Judge Seybert that the motion brought by Defendants Humphrey and Franchise BIZ Experts to vacate the Clerk's Entry of Default be GRANTED.  Although the Defendants' failure to respond to the Complaint was clearly negligent and careless, the Court finds that Plaintiffs will not be prejudiced by vacating the entry of default.  *See Sibley v. Choice Hotels Int'l, Inc*., 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (determining that the plaintiff would suffer no prejudice from vacatur since the case was in its early stages, and there was no indication that evidence had been lost or vacatur "would result in difficulties of discovery."); *see also JAS Forwarding (USA), Inc. v. Owens Truckmen, Inc*., No. 17-03589, 2017 WL 5054715, at *3 (E.D.N.Y. Nov. 1, 2017) (The court was "hard pressed to find that the Plaintiff would be prejudiced by a vacatur" since discovery had just begun and the plaintiff moved to vacate the entry of default less than three months after it was entered and approximately four months after the suit was commenced.).

The Court also points out that there is no indication in the docket that Plaintiffs ever served Defendants Humphrey and Franchise BIZ Experts with a copy of Plaintiffs' Request for

22

Certificates of Default or with the Certificates themselves.  Defendants retained counsel who filed a Notice of Appearance just four days after the Clerk's Entry of Default.  DE 28.  Two days later, counsel also filed a Corporate Disclosure Statement.  DE 29.  This course of conduct persuades the Court that Defendants intended to defend this action.  *See Langhorne v. Takhar Grp. Collection Servs., Ltd*., No. 13-231C, 2014 WL 2938768, at *2 (W.D.N.Y. June 27, 2014).

"Defaults are not favored…and doubts are to be resolved in favor of a trial on the merits."  *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (citing *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957); *SEC v. Vogel*, 49 F.R.D. 297, 299 (S.D.N.Y. 1969)).  As such, "'[g]ood cause' should be construed generously."  *Peoples v. Fisher*, 299 F.R.D. 56, 59 (W.D.N.Y. 2014) (citing Enron Oil Corp., 10 F.3d at 96.  Further, it is well established that "[w]hile courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort."  *Fisher*, 299 F.R.D. at 59 (W.D.N.Y. 2014) (quoting *Meehan*, 652 F.2d at 277).

## V.    CONCLUSION

For these reasons, the Court respectfully recommends to Judge Seybert that the motion to vacate the Clerk's Entry of Default brought by Defendants Humphrey and Franchise BIZ Experts' be GRANTED.

## VI.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the

Clerk of the Court via ECF.  A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Seybert, and to the chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Sybert prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 n.2 (2d Cir. 1983)).

**Counsel for the Plaintiffs is directed to serve a copy of this Report and Recommendation on Defendants Humphrey and Franchise BIZ Experts forthwith by overnight mail and first-class mail and to file proof of such service on ECF**.

                                                                        SO ORDERED.

Dated:  Central Islip, New York
             January 24, 2018

                                                                        /s/ A. Kathleen Tomlinson
                                                                        A. KATHLEEN TOMLINSON
                                                                        U.S. Magistrate Judge